## Officers of Court *v.* Fisk.

The statute of this state provides, "that it shall be lawful for the clerks of the several courts within this state respectively, when suits or causes are determined, and the fees not paid by the party from whom they are due, to issue execution therefor." And under this statute the clerk may issue execution against the plaintiff in the judgment for the costs, when the same are not made out of the defendant.

The bill of costs taxed by the clerk of the court has the authority of a judgment.

What papers in a suit are to be recorded in making up the final record.

ON MOTION.

Opinion of the court by Mr. Justice TURNER.

A motion is made in this case to quash the writ of *fieri facias* issued by the clerk for costs which have accrued in this court in the case of A. Fisk *v.* A. Fox, for the following reasons, viz:

1. Because there is no judgment of record against said Fisk upon which said *fi. fa.* could issue.

2. Because said *fi. fa.* is issued for costs not chargeable to Fisk, and for which he is not liable.

3. Because some of the items in the bill of costs are not chargeable to Fisk.

On looking into the record, we find that Fisk was sued by Fox in Adams circuit court in case, on promises, and that there was a verdict and judgment against Fisk, who appealed to this court, and the judgment was reversed and cause sent back for a new trial. It is suggested, and probably appears by the record, that Fox is a non-resident. He is, at any rate, liable for the costs in this court. But the question is, whether the plaintiff in error is also liable. We think he is liable in the first instance, for costs which have accrued for his benefit in the prosecution of his suit. He is so at common law; and when a plaintiff recovers a judgment against a defendant, the execution recites that, "for costs and charges by him, (the plaintiff,) about his suit in this behalf expen-

ded," and the sheriff is required to make the money of the defendant. This shows that a plaintiff is to pay for his process, &c. and if he recovers judgment against the defendant, he recovers also his costs, and the law gives him an execution therefor, as well as for his debt or damages, &c.

But the plaintiff is not generally required to pay costs before judgment; and in that case the statute has provided, How. & Hutch. Dig. 318, sec. 11, "that it shall be lawful for the clerks of the several courts within this state, respectively, when suits or causes are determined, and the fees not paid by the party from whom they are due, to issue execution therefor."

The question, then, is, are the fees for which this execution issued, due by Fisk, the appellant? We think they are. They were incurred at his instance, and for his benefit, and execution therefor may issue from this court. How. & Hutch. Dig. 540, sec. 46. The bill of costs taxed by the clerk of the court, has the authority of a judgment. It is generally made up without any direct action of the court, and the sheriff can levy for the amount thereof. It is subject, however, to the control of the court, on motion; and on a proper application, a *supersedeas* may be granted, until the court intervenes, to examine and correct it if found erroneous. If a judgment is necessary against a plaintiff for his own costs, would it not be rendering a judgment for his own debt?

As to the question, what portion of the papers in a cause in this court are to be recorded by the clerk in making up the record, we consider that the process which brings the cause into this court, the transcript of the record, (excepting depositions in chancery suits,) the assignment of errors and joinder in error, all the orders, and the final judgment of this court, should be recorded. The condition of the clerk's bond provides that "he shall seasonably record the judgments, decrees, orders and decisions of said court." And the act of 1830, How. & Hutch. 540, sec. 46, repeals the act which authorized the clerk of the chancery court to incorporate depositions in their final records, and extends the provisions of that act expressly to this court; which shows that without such a provision in the act, depositions as well as other matters would constitute a part of the final record.

Officers of Court *v.* Fisk.

This matter is different in different states, but it is regulated by statute.    We think it decidedly best for the interest of all parties litigant in our courts, that this final record should be made, in order to preserve the evidence in a more permanent manner than by relying on the loose papers filed in the cause.

Motion overruled.

CLAYTON, J. dissenting on the point of an execution for costs, without a judgment against the party against whom the execution issues.